THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN ESTRELLA, Defendant and Appellant.

No. 4603. Decided December 22, 1933.

*Arturo Aponte* for appellant. *R. A. Gómez, Fiscal,* for appellee.

ON MOTION FOR REHEARING

Mr. Justice Córdova Dávila delivered the opinion of the Court.

The defendant asks us to reconsider our former judgment and urges that we should have reversed the one rendered by the lower court because of its instruction to the jury concerning the supposed flight of the defendant; because it omitted from the instructions the testimony given by Basilio Delgado; because of the instruction in regard to self-defense; and because the lower court acted under the influence of passion, prejudice, and partiality.

The first two assignments of error must be dismissed in accordance with the doctrine recently laid down in the case of *People* v. *Maldonado, ante,* p. 405.

Regarding the instructions on self-defense, in our original opinion we stated the following:

". . . Even though the defense may be right in its objections to the instruction given by the court to the jury on the question of self-defense, we think that this instruction lacks the importance attributed to it in this case, where the defendant, far from admitting that he killed Matilde López, testified that he had no weapons and that Matilde injured himself when during the struggle his own razor came close to his body and they slipped, and apparently it was then that he was wounded. This is not the case where a person claims to have killed another in self-defense because he thought himself in imminent danger of death or great bodily harm. The defendant in his testimony does not rely, as a ground for defense, on the real or apparent danger, inasmuch as he does not admit having killed. The testimony of the defendant would have relieved him from responsibility had it been believed by the jury, since his statements tended to show that he was not the killer of Matilde López. The jury, however, having weighed the evidence introduced, rendered a verdict of guilty."

The defendant maintains that the theory of self-defense is not groundless, and in support of his contention he transcribes from his testimony as follows:

"Attorney Aponte:

"When you told or communicated to the district attorney that Matilde López inflicted that wound upon you, that it had been done with his own hand, could you tell the gentlemen of the jury if it was his hand alone that caused the wound, or whether it was his hand pushed by yours?

"Yes, sir, pushed by me."

This question was asked by counsel for the defendant after the witness had described, on cross-examination by the district attorney, his struggle with Matilde and after having testified that he had no weapon and that he had been injured by the deceased. We transcribe a part of the testimony given by the accused in answering questions put to him by the district attorney:

"Q. What did you do upon being cut?

"A. I grasped my hand, like this.

"Q. What else happened?

"A. When I felt I was cut, I seized him, and I pushed his hand to his neck, like this.

"Q. What happened then? Did you push the razor against him and he did like this until he was cut?

"A. While we were struggling we slipped, and it seems it was then that he was cut.

"Q.—So it was but one blow, like this, when he passed against the razor, and he had necessarily to cut himself there?

"A. I don't know, for he was injured while we were struggling.

"Q. Since you seized the razor with your other hand, where are the wounds that you showed the jury?

"A. Here.

"Q. Those slight scratches over the hand, how could he inflict them on you if he held the razor like this?

"A. Surely, it is because before that he had inflicted those wounds on me during the struggle.

"*          *          *          *          *          *          *

"Q. Is it true that you saw Matilde López dead?

"A. No, sir, I did not see him dead.

"Q. But did you not see him fall to the ground?

"A. No, sir.

"Q. So that you did not wound him, but it was he who wounded himself with his own razor during the struggle?

"A. Yes, sir."

It should be observed that the question put to the defendant by his own attorney rather seems to refer to the wound that the defendant claims the deceased inflicted upon him; but even if this were not so, if during the struggle Matilde López injured himself with his own weapon, as the defendant asserts, the fact that the wound was not caused solely by the hand of López but that there also intervened the thrust of the defendant, would not show that he acted voluntarily and that he was the killer of Matilde López, nor that the real or apparent danger had anything to do with the movements of his hands. As we stated before, had the jury believed the testimony of the defendant they would have had to absolve him from all responsibility, not because he had killed Matilde López in self-defense, but because said testimony tended to show that he was not the author of the deed.

It should also be remembered that the defendant had already testified that Matilde López had wounded himself with his own razor during the struggle, and that it seems that it was when both slipped that he was injured. As to the charge made that the trial judge acted under the influence of passion, prejudice, and partiality, we ratify the viewpoint expressed in our former opinion.

The reconsideration sought must be denied.